IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BIG D INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   Case No. CIV-22-0182-F |
| | ) |
| FRESH PRODUCTS, INC., | ) |
| | ) |
| Defendant. | ) |

# ORDER

Defendant Fresh Products, Inc. has moved to dismiss the complaint of plaintiff Big D Industries, Inc. under Rule 12(b)(6), Fed. R. Civ. P. Doc. no. 11. Plaintiff has responded, opposing dismissal, doc. no. 19, and defendant has replied, doc. no. 20.

I.

Plaintiff and defendant are in the business of, *inter alia*, producing, manufacturing, distributing, offering for sale, and selling products known as urinal screens, which are placed in men's restroom urinals. In March of 2021, plaintiff commenced an action against defendant in this court, seeking a declaratory judgment of non-infringement and of invalidity of defendant's patents. *See*, Big D Industries, Inc. v. Fresh Products, Inc., Case No. CIV-21-0211-F. Plaintiff sought that relief because defendant had claimed plaintiff's urinal screen products infringed defendant's patents. On February 11, 2022, plaintiff filed a motion to amend its complaint to add a claim for tortious interference with prospective economic or business advantage under Oklahoma law. The motion, which was filed after the court's deadline for filing motions to amend the pleadings, was opposed by

defendant.  On March 2, 2022, the court denied the motion because plaintiff had failed to address the "good cause" requirement of Rule 16, Fed. R. Civ. P., and it appeared to the court that plaintiff had not acted with due diligence in filing the motion as it appeared plaintiff knew the facts relevant to its claim prior to the court's deadline.

After receipt of the court's order, plaintiff filed this action against defendant alleging its claim for tortious interference with prospective economic or business advantage.  Defendant moves to dismiss plaintiff's complaint, arguing that it (1) is barred by the applicable two-year statute of limitations; (2) is preempted by federal patent law; and (3) fails to allege facts sufficient to meet the plausibility standard.

II.

Under Oklahoma law, a claim for tortious interference with prospective economic or business advantage is subject to a two-year statute of limitations.  12 O.S. § 95; Neff v. Willmott, Roberts & Looney, 41 P.2d 86 (Okla. 1935).  Defendant, citing Metro Oil Co., Inc. v. Sun Refining and Marketing Co., 936 F.2d 501, 504 (10th Cir. 1991), asserts that such a claim accrues on the date of the alleged tortious act.  According to defendant, plaintiff's allegations establish that defendant sent an email and cease-and-desist letters alleging plaintiff's products infringed its patents before March 2, 2020.  Defendant points out the complaint alleges the email was sent on August 5, 2019, and the cease-and-desist letters were sent on September 17, 2019 and January 29, 2020.  Accepting plaintiff's factual allegations as true, defendant contends plaintiff's tortious interference claim accrued more than two years before the filing of the complaint.

The court notes that in Metro Oil Co., Inc., the Tenth Circuit stated a cause of action accrues "upon the date [of] the tortious act, or the happening of the breach[.]" 936 F.2d at 504.  Here, plaintiff's allegations do not reveal the "happening of the breach."  In its complaint, plaintiff alleges that from the fall of 2018 and into 2020,

it was involved in serious discussions and due diligence with a third party involving the sale of plaintiff's business. Complaint, doc. no. 1, ¶ 13. Plaintiff also alleges:

> [Defendant's] conduct, including but not limited to its aggressive tactics involving the cease-and-desist letter and the threat of litigation, interfered with [plaintiff's] expectancy in selling the business. Indeed, the third party who was involved in advanced discussions with [plaintiff] during the applicable time period specifically indicated that they had placed a hold on ongoing work towards any closing of such deal due to [defendant's] actions seeking to assert its infringement claims.
>
> ****
>
> As a direct and proximate result of the acts of [defendant] [], [plaintiff] was prevented from acquiring the prospective business or economic advantage or relation[.]

*Id*. at ¶¶ 35, 39. It is not clear from the allegations of the complaint when the third party indicated to plaintiff that it had placed a hold on its dealing with plaintiff or when plaintiff was "prevented from acquiring the prospective business or economic advantage or relation."

One of the essential elements of plaintiff's claim is "an intentional interference *inducing or causing a breach or termination of the relationship or expectancy*." Loven v. Church Mutual Insurance Company, 452 P.3d 418, 425 (Okla. 2019) (emphasis added). Unless there was a breach or termination of the relationship or expectancy which defendant's alleged conduct induced or caused, plaintiff would not be able to prove an essential element of its claim. *See*, Greenberg v. Wolfberg, 890 P.2d 895, 904 (Okla. 1994) ("To determine when a cause accrues the court must ascertain (1) the nature of the right the litigant seeks to assert and (2) when the plaintiff could have *first* maintained the cause advanced to a successful result.") (emphasis in original). Because the complaint does not clearly indicate that the breach or termination of the relationship or expectancy occurred prior to

March 2, 2020, the court concludes that dismissal of plaintiff's complaint as barred by the applicable two-year statute of limitations is not appropriate. *See*, Aldrich v. McCullough Props., Inc., 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980) (Affirmative defense of statute of limitations may be resolved on a Rule 12(b)(6) motion "when the dates given in the complaint make clear that the right sued upon has been extinguished.")[1]

### III.

Even if plaintiff's complaint survives the statute of limitations challenge, defendant contends that plaintiff's complaint must be dismissed as the tortious interference claim is preempted by federal patent law.

The Federal Circuit has stated:

> State tort claims against a patent holder, including tortious interference claims, based on enforcing a patent in the marketplace, are "preempted" by federal patent laws, unless the claimant can show that the patent holder acted in "bad faith" in the publication or enforcement of its patent.

800 Adept, Inc. v. Murex Sec., Ltd., 539 F.3d 1354, 1369 (Fed. Cir. 2008).

At this stage, the court, accepting the well-pleaded facts as true and viewing those facts in favor of the plaintiff,[2] concludes that the tortious interference claim is not preempted.[3] The court finds that plaintiff's allegations plausibly suggest that

---

[1] In light of the court's ruling, the court need not decide whether the discovery rule applies to plaintiff's claim or whether the limitations period was tolled by the filing of the motion to amend in Case No. CIV-21-0211-F.

[2] Casanova v. Ulibarri, 595 F.3d 1120, 1124 (10th Cir. 2010).

[3] In its reply, defendant requests the court to take judicial notice of the '924 Patent, as filed in Case No. 21-0211-F, to establish its effective filing date. The court declines to do so. And the court declines to address arguments raised by defendant for the first time in reply to support dismissal based on the ground of preemption.

defendant acted in bad faith in the publication or enforcement of its patents. Thus, the court concludes that plaintiff's claim is not preempted under federal patent law.

IV.

Lastly, defendant contends that plaintiff's complaint should be dismissed because plaintiff fails to allege facts sufficient to meet the plausibility standard. However, accepting the well-pleaded facts and viewing those facts in favor of the plaintiff, the court concludes that plaintiff has alleged a facially plausible claim.

V.

For the reasons stated, Fresh Products, Inc.'s Motion to Dismiss the Complaint of Big D Industries, Inc. (doc. no. 11) is **DENIED**.

IT IS SO ORDERED this 14th day of June, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0182p005 rev_.docx